UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 21-10350-LTS |
| | ) | |
| HARRY TAM, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON MOTION FOR RELEASE FROM CUSTODY (DOC. NO. 112)

April 1, 2022

SOROKIN, J.

A grand jury indicted Harry Tam for violations of federal law including Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams or More of Methamphetamine (Count I), Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Count Six), Felon in Possession of a Firearm and Ammunition including, allegedly, eight different handguns (Count Ten), and Possession of a Firearm with an Obliterated Serial Number (Count Eleven).  Counts I and VI each carry a mandatory minimum sentence of five years and a maximum possible punishment of forty years.  Judge Dein held a detention hearing on December 21, 2021, Doc. Nos. 26, 44, consisting of proffer and argument from counsel.  Doc. No. 44.[1]  Judge Dein then detained Tam, accompanying her Order with a thoughtful, concise, and well-reasoned explanation.  Doc. No. 46.  Tam sought reconsideration of this Order, Doc. No. 71, which Judge Dein denied in another concise and thoughtful written

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

Order that addresses Tam's additional arguments. Doc. No. 85. Now, Tam seeks review by the undersigned district judge assigned to this case. Doc. No. 112.

The Court's review of the Order of Detention is <u>de novo</u>. The Court considers whether the government has met either or both of its burdens of proof under 18 U.S.C. § 3142. Tam faults Judge Dein for stating that there were "nine operable firearms and a large quantity of ammunition at his home at the time of his arrest." <u>Id.</u> at 3. Insofar as Tam complains that he had only four firearms at the time, that complaint is, even if correct, a distinction without a material difference for present purposes on this record. In any event, the record does not support this contention. Tam has submitted no evidence to the undersigned to establish this proposition; the Indictment alleges the possession of nine operable firearms, therefore establishing probable cause to believe such assertions. There is also a supporting report submitted by the Government in opposition to the Motion for Reconsideration. Doc. No. 79.

Next, Tam contends that he was not arrested on the day of the search when officials seized the weapons as stated by Judge Dein, and highlights that he remained in the community, including at one point with the consent of the state court, up until his federal arrest on this Indictment. While his time in the community post-seizure is relevant, it is not dispositive, especially in this case. A grand jury indicted Tam for serious drug offenses carrying substantial sentences if convicted. He faces a five-year mandatory minimum sentence on each of Counts I and VI. These charges give rise to a statutory presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the safety of the community. The firearms and ammunition he possessed in his home, charged in Count X, augment these dangerousness considerations. In addition, prior to the alleged conduct giving rise to the pending charges, Tam was convicted more than once of drug and firearm related offenses. These prior

convictions amplify the dangerousness concerns arising from the present charges of drug distribution and, if Tam is convicted, might expose him to a greater mandatory minimum sentence and assuredly a higher advisory guidelines sentencing range.  In response to all of this, Tam attributes his alleged course of conduct to his drug addiction and indicates he is ready for treatment.  On this record, the Government has met its burden of proof to establish by clear and convincing evidence that Tam poses a danger to the community and no condition or combination of conditions will reasonably assure the safety of the community.  While the record shows that Tam is abusing methamphetamine on a daily basis, his offer of drug treatment and additional conditions, Doc. No. 112 at 1, does not prevent the Government from meeting its burden given the nature of the pending charges coupled with the prior convictions.  In light of the Court's ruling on dangerousness, it need not consider the question of flight.  The Motion for Appeal, Doc. No. 112, is DENIED and the Order of Detention, Doc. No. 46, is AFFIRMED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge