```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
```

UNITED STATES of AMERICA,

    v.                                    Case 1:21-cr-10350-1 LTS

HARRY K. TAM,                     HEARING REQUESTED
       Defendant.

```
              MOTION TO SUPPRESS STATEMENT
                (WITH MEMORANDUM OF LAW)
```

Defendant, Harry Tam, by his counsel, Kevin L. Barron, Esq., respectfully moves the Honorable Court under the Fifth and Sixth Amendments and *Miranda v. Arizona* and its progeny for an order suppressing defendant's May 3, 2021 statements to Task Force Officers ("TFO's") of the U.S. Drug Enforcement Agency. *Miranda v. Arizona,* 384 US 436 (1966).  Mr. Tam made these statements in response to custodial interrogation without being advised of his rights to remain silent or to have the assistance of counsel.

Counsel and the government have conferred in accordance with Local Rule 112.1 and the government opposes this motion.

Defendant requests an evidentiary hearing.

```
                          FACTS
```

Boston Police arrested Mr. Tam at about 4:30PM on May 3, 2021 on the street by his home.  April 25, 2023 Declaration of Harry Tam, ¶3.  Boston Police Department ("BPD") made the arrest on the pretext of Mr. Tam having violated a Brighton District

Court domestic restraining order that had never been served on him[1]  *Id.,* ¶4.  The BPD reports of Tam's arrest and transportation to the D-14 station contain no reference at all to Mr. Tam being advised of his *Miranda* rights or being interrogated.  The stationhouse was staffed with officers and personnel.  *Id.,* ¶5.  Mr. Tam was held at the D-14 stationhouse for a time and booked.  *Id.*  The booking report contains the usual information and the notation "Informed of Rights: BPD 103602  KILLON, Thomas".  The sheet contains no information about what rights BPD allegedly advised him of.

After about six hours in custody, three TFO's approached Mr. Tam and questioned him.  The relevant, heavily-redacted six-page DEA-6 makes no mention of any *Miranda* rights.  No *Miranda* waiver form has been disclosed in discovery.  When counsel requested discovery of a waiver form or report showing that defendant had been advised of his *Miranda* rights, the government responded by transmitting a copy of the booking sheet.

Mr. Tam submitted to an extensive interrogation.  Tam Declaration, ¶6.  TFO's discouraged Mr. Tam from exercising his

---

[1] BPD reports indicate that one of the TFO's on surveillance had seen Tam enter his house for 30 minutes and leave. Police and TFO's would have been aware that Mr. Tam had not been served with the order because they had answered a call to his house the week before (April 30, 2021) and advised Tam of the restraining order but did not arrest him because he had not been served with the order.  It is safe to assume that, if arresting officers could determine whether the order had been served on the earlier occasion, the could have done the same on May 3. The charges against Mr. Tam for the May 3 arrest were dismissed on his appearance the following day.  TFO's and BPD executed a search warrant for Tam's home immediately following on his arrest.

right to counsel.  TFO's informed Mr. Tam, under arrest for the pretext of a restraining order violation, that he was under investigation for federal drug distribution crimes and at risk of a lengthy punishment.  *Id.*  Now aware of the agents' purpose, Mr. Tam asked whether he should not contact his attorney.  *Id.*  Agents responded that Tam was free to do so, but that Tam would lose his only opportunity to help himself.  *Id.*  Tam found his circumstances intimidating.  *Id.* at ¶7.  Moreover, Tam had been in detention long enough to begin feeling the effects of withdrawal.  *Id.*  at 7 & 8.

Mr. Tam reports, and the discovery makes clear, that no one advised him of his *Miranda* rights at any time after arrest.  *Id.* at 9.

The relevant DEA-6 states that defendant was taken in custody by BPD and questioned at the D-14 station.  The length and substance of this DEA-6 demonstrates that defendant was subjected to a detailed investigative interrogation without agents advising Tam of *Miranda* rights.

## ARGUMENT

### MR. TAM's STATEMENTS SHOULD BE SUPPRESSED

"No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."  Fifth Amendment, US Const.  The Supreme Court held in *Miranda v. Arizona* that custodial interrogation has the potential to violate the Fifth

Amendment privilege against self incrimination by coercion unless a defendant is informed of his rights (1) to remain silent, (2) that his statements will be used against him at trial, (3) that he has a right to counsel during questioning and (4) that he will be appointed an attorney free of charge if he cannot afford one.  See, *Miranda v. Arizona,* 384 US 436 (1966).  The substance of these warnings must be provided before questioning begins.  *Id.*  To introduce a defendant's responses to custodial interrogation at trial, the government must demonstrate that the statements were obtained in compliance with *Miranda* or that the statements were taken under an exception.  *Id.*

   While statements obtained from a defendant not in custody do not require *Miranda* warnings, Mr. Tam was under formal arrest, having been transported in restraints and detained at the stationhouse after booking until his appearance in court the next day.  The ultimate inquiry is whether defendant was under formal arrest or under restraint on his freedom of movement to a degree associated with formal arrest.  See, *Yarborough v. Alvarado*, 541 US 652 (2004).  Mr. Tam was not free to leave and no reasonable person would have thought otherwise.

   This was a custodial interrogation.  Mr. Tam was under express questioning by three government agents who would have believed reasonably that their questions were likely to elicit

incriminating responses. The DEA-6 shows that Mr. Tam answered questions that the TFO's posed in the course of their investigation. Any reasonable person in Tam's circumstances would have believed that TFO's were government agents. See, *Illinois v. Perkins,* 496 US 292 (1990) (concerning questions by undercover agent).

This case does not present any of the special circumstances for admission in evidence of responses to custodial interrogation taken in violation of the *Miranda* rule. For example, the government cannot resort to the exception for immediate questioning for public safety. See, *e.g.*, *New York v. Quarles*, 467 US 649 (1984) (defendant arrested in supermarket wearing empty holster questioned to find missing gun); *United States v. Fox,* 393 F.3d 52 (1st Cir. 2004) (Trooper's question about weapon admissible without *Miranda* warnings where defendant had weapons conviction and a bulge showed in pocket).

## CONCLUSION

For the reasons set forth above, this motion should be granted.

Dated: April 27, 2023

Respectfully submitted,
HARRY TAM, defendant,
By his counsel,
/s/Kevin L. Barron
Kevin L. Barron, Esq.
P.O. Box 290533
Charlestown, MA 02129
(617) 407-6837

CERTIFICATE OF SERVICE

    Counsel certifies that he has caused a true copy of this document to be served today, April ___, 2023, on the attorneys for all the parties through the CM/ECF system of this District as set forth in the Notice of Electronic Filing and that no party requires service by other means.

                                              <u>/s/Kevin L. Barron</u>
                                              Kevin L. Barron, Esq.