IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA,

    v.                                                Case 1:21-cr-10350-1 LTS

HARRY K. TAM,
        Defendant.

## MOTION TO SUPPRESS SEARCH OF PREMISES

Defendant, Harry K. Tam, by his counsel, Kevin L. Barron, Esq., respectfully moves the Honorable Court, under Fed.R.Crim.P. Rule 41 and the Fourth Amendment, for an order suppressing the May 3, 2021 search and seizure of evidence from Mr. Tam's residence under warrants of even date as "fruits of the poisonous tree" for want of an insufficient nexus of probable cause with the premises searched.   The government opposes.

Defendant has moved today to suppress the March 3, 2021 wiretap in this case on grounds of staleness and failure to minimize.  Doc 287-1.  The May 3, 2021 premises search warrants applications rely on unlawfully intercepted communications of March 4 and 5 and May 2, 2021 to establish a nexus between the premises and the items seized. When the Court suppresses these communications, the applications for the May 3, 2021 search warrants will lack sufficient nexus to show that evidence of the charged offenses would be found on the premises. Other evidence offered in support of the premises search, such as the March 5, 2021 comings and goings of investigative targets and historical information about the investigation, is insufficient.

Without the unlawfully intercepted communications, the premises search warrants did not support a fair probability that evidence of the crimes charged will be found in the premises. There is no other evidence sufficiently connecting the premises with the crimes under

investigation. A warrant application must demonstrate probable cause to believe that *evidence of the offense will be found at the place to be searched*, the so-called "nexus" element. *United States v. Feliz*, 182 F.3d 82, 86 (1st Cir. 1999) citing *United States v. Zayas-Diaz*, 95 F.3d 105, 111 (1st Cir. 1996). In determining whether a probable cause nexus exists, the judicial officer must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The facts presented to the magistrate must "warrant a man of reasonable caution" to believe that evidence of a crime will be found. *Feliz, supra* citing *Texas v.Brown*, 460 U.S. 730, 742 (1983) (plurality opinion).

Without the unlawfully intercepted communications, a magistrate reviewing the premises search warrant application is left only with generalized observations about the illegal drug trade, an analysis that this Circuit has ruled is insufficient to establish a nexus with the search premises. See, *United States v. Roman*, 942 F.3d 43 (1st Cir. 2019) (upholding suppression of search after excision of reckless statements after *Franks* hearing). As the Court of Appeals explained in *Roman*:

> [W]e have rejected a per se rule automatically permitting the search of a defendant's home when he has engaged in drug activity. *Khounsavanh*, 113 F.3d at 285. We have further "expressed skepticism that probable cause can be established by the combination of the fact that a defendant sells drugs and general information from police officers that drug dealers tend to store evidence in their homes." *United States v. Bain*, 874 F.3d 1, 23-24 (1st Cir. 2017) (citation omitted), cert. denied, ––– U.S. –––, 138 S. Ct. 1593, 200 L.Ed.2d 780 (2018). Accordingly, we have found that "generalized observations" of this type should be "combined with specific observations," or facts "connecting the drug dealing to the home" to permit an inference of nexus to a defendant's residence. *Ribeiro*, 397 F.3d at 50-51 ; *Bain,* 874 F.3d at 24. Examples of such "specific observations" include evidence that drug distribution "was being organized from [the defendant's] residence," *United States v. Keene*, 341 F.3d 78, 82 (1st Cir. 2003), that the defendant used his home as a communications hub for drug activity,

*United States v. Rivera*, 825 F.3d 59, 64- 65 (1st Cir. 2016), or that the defendant "move[d] back and forth from his residence in relation to drug transactions," *Ribeiro*, 397 F.3d at 51.

*Roman, supra* at 51 - 52.

## CONCLUSION

For the reasons set forth above, this motion should be granted.

| | |
|---|---|
| Dated: May 2, 2023 | Respectfully submitted,<br>Harry K. Tam, defendant<br>By his counsel,<br>Kevin L. Barron<br>Kevin L. Barron, Esq.<br>P.O. Box 290533<br>Charlestown, MA 02129<br>(617) 407-6837 |

## CERTIFICATE OF SERVICE

Counsel certifies that he has caused a true copy of this document to be served today on the attorneys for all the parties through the CM/ECF system of this District as set forth in the Notice of Electronic Filing and that no party requires service by other means.

Kevin L. Barron