

**U. S. Department of Justice**
Drug Enforcement Administration

*www.dea.gov*

AUG 24 2022

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Jade Chin
23 Mansfield Street
Boston, MA 02134

RE: Asset I.D. No.: 21-DEA-677948
Property: $95,450.00 U.S. Currency

Dear Ms. Chin:

The Drug Enforcement Administration (DEA) has received the submission regarding the above-referenced asset(s). The following information is provided:

__X__The claim for the above-referenced property is being **returned** because it was received **in this office** after the claim deadline date, which was __August 4, 2022__. This deadline was noted in the enclosed personal notice letter sent to you.

Further correspondence to DEA regarding this matter must reference the DEA asset identification number(s) noted above and must be addressed to the Forfeiture Counsel, Drug Enforcement Administration, Asset Forfeiture Section, 8701 Morrissette Drive, Springfield, Virginia 22152. Correspondence will be deemed *filed (or submitted)* on the **business** date it is actually received by the Forfeiture Counsel at the address listed above. Correspondence **will not be accepted nor considered filed on weekends or federal holidays,** or when it is received by any other office or official, such as a court, United States Attorney's Office, or local DEA office. In addition, correspondence is not considered filed or submitted if received by an electronic mail or facsimile transmission. Finally, correspondence is not considered filed or submitted on the date it is mailed or delivered to any person for delivery to the Forfeiture Counsel.

Sincerely,

LINDA RANNAZZISI Digitally signed by LINDA RANNAZZISI Date: 2022.08.25 10:30:42 -04'00'

Asset Forfeiture Section
Office of Operations Management

Enclosures

U.S. Department of Justice • Drug Enforcement Administration

**U. S. Department of Justice**
Drug Enforcement Administration

*www.dea.gov*

SEP 29 2022

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Jade Chin
23 Mansfield Street
Allston, Massachusetts 02134

RE: Asset I.D. No: 21-DEA-677948
Property: $95,450.00 U.S. Currency

Dear Ms. Chin:

The Drug Enforcement Administration (DEA) received your submission regarding the above-referenced asset(s). The following information is provided:

__X__ The claim for the above-referenced property is being **returned** because it was received **in this office** after the claim deadline date, which was **August 4, 2022**. This deadline was noted in the enclosed personal notice letter sent to you. Please note Harry Tam's claim deadline date was extended to August 9th, 2022 only. Your claim deadline date is as stated above and was not extended.

A Petition regarding this matter must reference the DEA asset identification number(s) noted above. If mailed, the Petition must be addressed to the Forfeiture Counsel, Drug Enforcement Administration, Asset Forfeiture Section, 8701 Morrissette Drive, Springfield, Virginia 22152. A Petition will be deemed *filed (or submitted)* on the date it is actually submitted on-line, or if mailed, when received by the Forfeiture Counsel at the address listed above.

Petitions which are mailed in **will not be accepted nor considered filed on federal holidays.** A Petition is **not** considered filed or submitted when it is received by any other office or official, such as a court, United States Attorney's Office, or local DEA office. In addition, a Petition is not considered filed or submitted if received by facsimile transmission. Finally, a Petition is not considered filed or submitted on the date it is mailed or delivered to any person for delivery to the Forfeiture Counsel.

A Petition regarding this matter must reference the DEA asset identification number(s) noted above.  If mailed, the Petition must be addressed to the Forfeiture Counsel, Drug Enforcement Administration, Asset Forfeiture Section, 8701 Morrissette Drive, Springfield, Virginia 22152.  A Petition will be deemed *filed (or submitted)* on the date it is actually submitted on-line, or if mailed, when received by the Forfeiture Counsel at the address listed above.

Petitions which are mailed in **will not be accepted nor considered filed on federal holidays.**  A Petition is **not** considered filed or submitted when it is received by any other office or official, such as a court, United States Attorney's Office, or local DEA office.  In addition, a Petition is not considered filed or submitted if received by facsimile transmission.  Finally, a Petition is not considered filed or submitted on the date it is mailed or delivered to any person for delivery to the Forfeiture Counsel.

Sincerely,

Asset Forfeiture Section
Office of Operations Management

Enclosures

September 8, 2022

RE: Asset ID No. 21-DEA-677948
Property: $95,450.00 U.S. Currency

Dear Linda Rannazzisi,

I have received the returned claim I filed on August 9, 2022. I want to clarify that the most recent Notice of Seizure of Property was not sent to me, but delivered to Harry Tam where he is detained at Donald Wyatt who forwarded me the letter. As stated on this notice (which I made a copy of and attached was received July 11th, 2022) the last day to file is August 9, 2022, making the claim I filed online on within the required timeline.

I appreciate your attention to this matter.

Sincerely,

Jade Chin



U.S. Department of Justice

Drug Enforcement Administration

Harry Tam, Prisoner ID No. 7850509
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863-1506

2022 SEP 12 PM 3:03

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| **Notice Date:** July 5, 2022 | **Asset ID Number:** 21-DEA-677948 |
|---|---|
| **Notice Letter ID:** 371157 (use ID when searching for assets during online filing) | |
| **Description of Seized Property:** $95,450.00 U.S. Currency | |
| **Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on May 3, 2021 by the DEA at Allston, Massachusetts. | |
| **Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 21 USC 881 and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. | |

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.

B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Drug Enforcement Administration (DEA), Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. *See* 28 C.F.R. Parts 8 and 9.

C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746.

D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.

F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.

G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Forfeiture Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. *See* 28 C.F.R. § 9.1.

H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.

I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

**II. TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.** *If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the DEA, Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152.

B. **Time Limits**: A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST on August 09, 2022.** *See* 18 U.S.C. § 983(a)(2). **A claim is deemed filed on the date received by the agency at the address listed above.**

C. **Requirements for Claim**: A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.

D. **Claim Forms**: A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.

F. **No Attorney Required**: You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.

G. **When You File a Claim**: A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.

H. **Penalties for Filing False or Frivolous Claims**: If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.

I. **If No Claim is Filed**: Failure to file a claim by **11:59 PM EST** on **August 09, 2022** may result in the property being forfeited to the United States.

J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

**III. TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

A. **Hardship Release**: Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. 983(f); 28 C.F.R. § 8.15.

B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:
- Claimant has a possessory interest in the property;
- Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
- Government's continued possession will cause a substantial hardship to the claimant.

C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.

2022 SEP 12 PM 3:36



CERTIFIED MAIL

7018 1830 0000 6042 1348

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
ASSET FORFEITURE SECTION
FORFEITURE COUNSEL
HQs FORFEITURE RESPONSE
8701 MORRISSETTE DRIVE
SPRINGFIELD, VA 22152-1080

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

US OFFICIAL MAIL PENALTY FOR PRIVATE USE $300
US POSTAGE PITNEY BOWES
ZIP 22152 $ 007.33⁰
02 4W
0001131945 JUL 05 2022

RECEIVED

JUL 11 2022

H-47

Harry Tam, Prisoner ID No. 7850509
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863-1506

64

02863-150650

2022 SEP 12 PM 3:38



Yade Chin
23 Mansfield st.
Boston, MA 02134

UNITED STATES POSTAL SERVICE
1000

22152

BROOKLINE, MA
02446
SEP 08, 22
AMOUNT
$4.60
R2305H128198

ASSET FORFEITURE

2022 SEP 12 PM 3:27

7020 1290 0001 5074 3681

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7020 1290 0001 5074 3681

Forfeiture Counsel, DEA, Asset Forfeiture Sect.
8701 Morrissette Drive
Springfield, VA 22152

RECEIVED
SEP 12 2022
THIS PARCEL HAS BEEN X-RAYED

22152$1080 C007

September 8, 2022

RE: Asset ID No. 21-DEA-677948
Property: $95,450.00 U.S. Currency

Dear Linda Rannazzisi,

I have received the returned claim I filed on August 9, 2022. I want to clarify that the most recent Notice of Seizure of Property was not sent to me, but delivered to Harry Tam where he is detained at Donald Wyatt who forwarded me the letter. As stated on this notice (which I made a copy of and attached was received July 11th, 2022) the last day to file is August 9, 2022, making the claim I filed online on within the required timeline.

I appreciate your attention to this matter.

Sincerely,

Jade Chin

New England
Claim
Status
PC

2022 SEP 12 PM 3:08
ASSET FORFEITURE SEC.



U.S. Department of Justice

Drug Enforcement Administration

Harry Tam, Prisoner ID No. 7850509
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863-1506

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| **Notice Date:** July 5, 2022 | **Asset ID Number:** 21-DEA-677948 |
|---|---|
| **Notice Letter ID:** 371157 (use ID when searching for assets during online filing) | |
| **Description of Seized Property:** $95,450.00 U.S. Currency | |
| **Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on May 3, 2021 by the DEA at Allston, Massachusetts. | |
| **Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 21 USC 881 and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. | |

**I. THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.

B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Drug Enforcement Administration (DEA), Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. *See* 28 C.F.R. Parts 8 and 9.

C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746.

D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.

F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.

G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Forfeiture Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. *See* 28 C.F.R. § 9.1.

H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.

I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

**II. TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.** *If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the DEA, Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152.

B. **Time Limits**: A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **August 09, 2022.** *See* 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.

C. **Requirements for Claim**: A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.

D. **Claim Forms**: A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.

F. **No Attorney Required**: You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.

G. **When You File a Claim**: A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.

H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.

I. **If No Claim is Filed**: Failure to file a claim by **11:59 PM EST** on **August 09, 2022** may result in the property being forfeited to the United States.

J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

**III. TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

A. **Hardship Release**: Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. 983(f); 28 C.F.R. § 8.15.

B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:

- Claimant has a possessory interest in the property;
- Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
- Government's continued possession will cause a substantial hardship to the claimant.

C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.



CERTIFIED MAIL

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
ASSET FORFEITURE SECTION
FORFEITURE COUNSEL
HQs FORFEITURE RESPONSE
8701 MORRISSETTE DRIVE
SPRINGFIELD, VA 22152-1080

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

7018 1830 0000 6042 1348

US OFFICIAL MAIL PENALTY FOR PRIVATE USE $300
US POSTAGE PITNEY BOWES
ZIP 22152 $ 007.33
02 4W
0001131945 JUL 05 2022

RECEIVED
JUL 11 2022
H-47

Harry Tam, Prisoner ID No. 7850509
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863-1506

64

02863-150650

2022 SEP 12 PM 3:38

Jade Chin
23 Mansfield St.
Boston, MA 02134

UNITED STATES POSTAL SERVICE
1000
22152
FCM LETTER
BROOKLINE, MA
02446
SEP 08 22
AMOUNT
$4.60
R2305H128198

RECEIVED
ASSET FORFEITURE SECT
2022 SEP 12 PM 3:27

7020 1290 0001 5074 3681
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®
7020 1290 0001 5074 3681

Forfeiture Counsel, DEA, Asset Forfeiture Sect.
8701 Morrissette Drive
Springfield, VA 22152

RECEIVED
SEP 12 2022
THIS PARCEL HAS BEEN X-RAYED

2215281080 C007

U. S. Department of Justice
Drug Enforcement Administration

*www.dea.gov*

FEB 01 2023

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Jade Chin
23 Mansfield Street
Allston, MA 02134

Re: Asset ID No.: 21-DEA-677948
Property: $95,450.00 U.S. Currency

Dear Ms. Chin:

I am writing to you (Petitioner) in response to the petition for remission or mitigation regarding the above-referenced property. For the reasons discussed below, the petition failed to meet the requirements for remission or mitigation. 28 Code of Federal Regulations (C.F.R.) Part 9 (2022). The petition is therefore denied.

The remission or mitigation of a forfeiture is neither a right nor a privilege, but an act of grace. In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,467.00) v. United States, 901 F.2d 1540, 1543 (11th Cir. 1990); Laconia Savings Bank v. United States of America, 116 F. Supp. 2d 248 (2000). A Petition for Remission and Mitigation "does not serve to contest the forfeiture, but rather is a request for executive pardon of the property based upon the petitioner's innocence or, for a wrongdoer, on a plea of leniency." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 116 S. Ct. 2529 (1996). See also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995); United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995), cert. denied, 517 U.S. 1158; 116 S. Ct. 1548; 517 U.S. 1158 (1996). A decision with respect to remission or mitigation of a forfeiture is made solely at the discretion of the Attorney General. See 21 U.S.C. § 881 (d) (2022); 19 U.S.C. § 1618 (2022).

The Attorney General and the Administrator of the Drug Enforcement Administration (DEA) have delegated the authority to determine the merits of such petitions to this office. 28 C.F.R. §§ 0.100 (b), 0.104; 28 C.F.R. §9.1 (b). This office's decision on your petition is not subject to judicial review on its merits. See: United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992) ("[T]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative Process has begun.") United States v. Hewett, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 9812; Walker v. DEA, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 14958. Once the administrative process has

Begun, a federal district court generally does not have subject matter jurisdiction to review the merits of an administrative forfeiture decision. Dawson v. The Drug Enforcement Administration, 927 F. Supp. 748; 1996 U.S. Dist. LEXIS 8061 (1996).

Petitioner has the burden of establishing the basis for granting a petition for remission or mitigation of forfeited property. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. § 9.5 (a) (3). See 19 U.S.C. § 1618 (The Attorney General may return the property if he finds mitigating circumstances to justify the remission.) As the Ruling Official, I did not consider whether the evidence was sufficient for forfeiture, but presumed a valid forfeiture. 28 C.F.R. § 9.5 (a) (4). See Juncaj v. United States, 894 F.Supp. 318, 320 (E. D. Mich. 1995); Reinoso v. Drug Enforcement Administration, No. 93-CIV-1516 (KTD), 1994 U.S. Dist. LEXIS 18054. Federal regulations explicitly prohibit remission of a forfeiture unless the petitioner establishes the following:

1. A valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder; and

2. Qualification as an "innocent owner" within the meaning of the applicable civil forfeiture statute.

The referenced currency was seized pursuant to a federal search and seizure warrant executed on May 3, 2021, at the residence located at 23 Mansfield Street, Allston, Massachusetts. The currency was located in a safe in the back of a closet in bedroom of Harry Tam.

In March of 2020, an investigation was initiated. In the course of the investigation, Harry Tam (Tam) was identified as receiving packages of methamphetamine and pressed Adderall pills, both controlled substances, from multiple sources of supply in San Jose, California. On or about April 30, 2021, DEA learned that a restraining order had been issued against Tam. Tam was ordered away from the residence located at 23 Mansfield Street. On May 23, 2021, Tam was observed at 23 Mansfield Street in violation of the restraining order. Tam was arrested by a local police department for violation of the restraining order. The federal search and seizure warrant was then executed at the premises. In addition to the currency, law enforcement agents seized eight handguns and one complete gun kit. A subsequent official count by a financial institution of the currency seized from 23 Mansfield Street determined that $95,450 was seized from the safe found in the closet. The currency consisted of $100 denomination bills (873) and $50 denomination bills (163).

The referenced currency was seized and forfeited pursuant to 21 U.S.C. §881. At the time of seizure, there was sufficient probable cause to believe the currency represents proceeds from the illicit sale of controlled substances and/or was used and/or intended to be used to facilitate illicit controlled substances in violation of 21 U.S.C. §881 (a)(6). This finding remains unchanged.

On June 20, 2021, notice of seizure letters were sent, by certified mail, return receipt requested, to Tam's attention at three residential addresses: 120 Boylston Street, Brookline, MA; 23 Mansfield Street, Apt. 2, Allston, MA; and 498 Flagg Avenue, San Jose, CA.

In addition, a notice of seizure letter was sent by certified mail, return receipt requested, to your attention at the following address: 23 Mansfield Street, Apt 2, Allston, MA. On July 6, 2021, this letter was delivered and left with an individual at this location per information posted on the U.S. Postal Service website for postal receipt number 7019 1120 0000 5436 6531. The letter sent to Tam at 23 Mansfield Street, Apt. 2, Allston, MA was also received.

A notice of seizure letter sets forth the available options and included detailed instructions for the filing of either a Claim or Petition. A Claim and/or Petition can be filed with DEA online and by the use of the mail. A notice of seizure letter sets forth detailed instructions and applicable deadlines. A Claim is filed when an individual intends to contest the seizure of the seized property in U.S. District Court. A Petition is filed when an individual seeks remission (pardon) or mitigation of the forfeiture with the seizing agency. The notice of seizure letter sent to you and Tam on June 30, 2021, advised that the last day to file a Claim to contest the seizure of the currency in U.S. District Court was August 4, 2021. The letter also advised that a Petition may be filed within 30 days from the receipt of the notice letter.

Following a subsequent review of the file, on July 5, 2022, DEA sent an additional set of notice of seizure letters to Tam. Notice of seizure letters were sent to Tam by certified mail, return receipt requested, to Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, RI. In addition, notice of seizure letters were sent to two attorneys identified as the legal representatives of Tam. In addition to using certified mail, the letters sent to the attorneys were also sent by first class mail. This second set of notice letters enhanced the period to file a Claim to August 9, 2022. As previously explained to you by letter dated September 29, 2022, the extension of time to file a Claim to contest the seizure of the currency in U.S. District Court was only as to Tam.

The period for you to file a Claim was not extended because the notice of seizure letter sent to you was received. The notice of seizure letter was sent to your attention at the location of seizure.

On August 8, 2022, you submitted to DEA a Claim. In your Claim, you took issue with the amount seized. You claimed to have an interest in the seized currency and indicated that it was derived from relatives and a portion was earned by Tam from employment. You signed this Claim under penalty of perjury. You also submitted a Petition identical in content to the Claim.

As stated above and also by correspondence dated August 24, 2022, and September 29, 2022, as to you, the time period for you to file a Claim had expired. Regrettably, both letters identified incorrectly the last date to file as August 4, <u>2022</u>, and not the correct date of August 4, <u>2021</u>. I apologize for any confusion this error may have caused.

By letter dated September 29, 2022, you were also advised that the extension of the deadline to file a Claim to August 9, 2022, was as to Tam. Although the period to file a Petition had expired, in an exercise of discretion, the Petition you submitted on August 8, 2022, was accepted. By letter dated September 12, 2022, receipt of the Petition was acknowledged. Furthermore, the letter sent to you on September 29, 2022, again advised of the option to file a Petition.

The Petition submitted on August 8, 2022, and your correspondence dated October 10, 2022, are considered as a Petition for Remission or Mitigation of Forfeiture filed by you on your behalf.

In your petition, you represent that the referenced currency was derived over the years by various family members. You also set forth that due to cultural practices, the currency was kept in cash. You also attribute a portion of the currency to Tam from his employment. After careful consideration of your representations, I do not find these representations to be credible.

In your petition, you appear to attribute ownership of the currency to several parties. Your ownership interest or the specific ownership interest of any other party is not clearly set forth. Neither the ownership interest of any other family member, yours, or Tam is supported by verifiable documentary evidence. You cite gifts, employment, and rental income as sources yet you do not provide any documents to support any legitimate source(s) for referenced currency. The only document submitted is a statement from NBT Bank to the effect that a third party not related to this seizure has a loan with the institution. You include an undated handwritten note with illegible signature that a third party borrowed money "until my loan came". However, there is no corresponding documentation to evidence the withdrawal of the loan amount from any account belonging to you or any other party, or for that matter, the source of the money to enable a loan to this individual.

At the time of seizure, Tam was under investigation for illicit controlled substance transactions. In the course of the investigation, electronically monitored communications disclosed that Tam had illicit drug-related proceeds and firearms stored at the 23 Mansfield Street. Under these circumstances, your generalized attribution of legitimate sources for the currency without verifiable documentation to support your representations is not deemed credible. Simply stated, at the time of seizure, and based on communication intercepts, it was known that Tam had stored illicit drug proceeds at 23 Mansfield Street.

Although the petition does not meet the minimum conditions for remission, as a matter of discretion, I re-examined your petition to determine whether extenuating circumstances exist that warrant mitigation of the forfeiture. 28 C.F.R. § 9.5 (b). Petitioner has failed to adequately demonstrate that any mitigating factors exist to justify any relief from the forfeiture. Further, I reviewed the facts of this case to determine if the forfeiture would be in violation of the U.S. Constitution's Eighth Amendment prohibition against excessive punishments, as discussed in Austin v. United States, 113 S. Ct. 2801 (1993). Please be advised that I determined that the administrative forfeiture was entirely proportional to the offense, considering the substantial connection between the forfeited property and the offense. In addition, the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. Since Petitioner failed to contest this forfeiture judicially, this option is no longer open to you. United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995); Caraballo v. Drug Enforcement Administration, 62 Fed. Appx. 362, 363 (2003).

Petitioner may request reconsideration of this decision. 28 C.F.R. § 9.3 (j). Only one request for reconsideration shall be considered. Any request for reconsideration must be based on information or evidence not previously considered. This new information or evidence must be material to the basis for this denial or must present a basis clearly demonstrating that the denial is erroneous. Requests must be postmarked or received by this office within 10 days of your receipt of this letter.

Further correspondence with this office must include the Asset ID number referenced above and be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, Virginia 22152.

Sincerely,

C R Pomares

Carmen R. Pomares
Senior Attorney
Asset Forfeiture Section

U. S. Department of Justice
Drug Enforcement Administration

*www.dea.gov*

MAR 22 2023

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Harry Tam
23 Mansfield Street
Boston, MA 02134-1406

RE: Asset ID No.: 21-DEA-677948
Property: $95,450.00 U.S. Currency

Dear Mr. Tam:

The Drug Enforcement Administration (DEA) is in receipt of your correspondence dated March 12, 2023, received on March 17, 2023. In your unsigned correspondence, you seek reconsideration of the petition denial issued by this office.

Be advised that the petition denial was issued to Petitioner Jade Chin. You were not considered as a Petitioner. You did not file a petition with DEA therefore the petition denial was not issued to you. Accordingly, your request seeking reconsideration of the petition denial will not be considered.

As to Asset ID Numbers 22-DEA-689761 (2020 Lexus RX450h) and 22-DEA-868131 ($9,550.00 U.S. Currency) be advised that these assets are being handled by the U.S. Attorney's Office for the District of Massachusetts, and it is to that office that you should direct your inquiries respecting the status of these assets.

Sincerely,

CRPomares

Carmen R. Pomares
Senior Attorney
Asset Forfeiture Section

U. S. Department of Justice
Drug Enforcement Administration

*www.dea.gov*

JUL 2 0 2023

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Jade Chin
23 Mansfield Street
Allston, MA 02134

Re: Asset ID No.: 21-DEA-677948
Property: $95,450.00 U.S. Currency
Petitioner: Jade Chin

Dear Ms. Chin:

I am writing to you in response to your request that the Drug Enforcement Administration (DEA) reconsider the denial of the petition for remission or mitigation filed by you (Petitioner). The petition for reconsideration is denied for the reasons detailed below.

As noted in the denial of the petition, the decision to remit property is neither a right nor a privilege, "but rather is a request for executive pardon of the property. . . ." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 518 U.S. (1996). As the designee of the Attorney General and the Administrator of the DEA, I have the authority to rule on your request for reconsideration. See 28 C.F.R. § 9.1(b) (2022); 28 C.F.R. Part 0, Appendix to Subpart R, Section 5 (2022).

Federal regulations explicitly prohibit remission of a forfeiture unless the petitioner establishes the following:

1. "A valid, good faith, and legally cognizable interest in the seized property as owner or lienholder" and
2. Qualification as an "innocent owner" within the meaning of the applicable forfeiture statute.

A request for reconsideration must be based on information or evidence not previously considered. 28 C.F.R. § 9.3(j). This new information or evidence must be material to the basis for the denial or must present a basis clearly demonstrating that the denial is erroneous. Id. Once

probable cause for the forfeiture is established, the burden of proof shifts to the petitioner to demonstrate that remission or mitigation of forfeiture is warranted by establishing the above requirements. 28 C.F.R. § 9.5(a)(3).

The DEA's decision regarding the underlying petitions for remission or mitigation is not subject to judicial review. See United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992); Sarit v. U.S. Drug Enforcement Administration, 987 F.2d 10, 17 (1st Cir.), cert. denied, 114 S. Ct. 241 (1993);  Scarabin v. DEA, 919 F.2d 337, 339 (1990), reh'g denied, 925 F.2d 100 (5th Cir. 1991; Willis v. United States, 787 F.2d 1089, 1094.

In this proceeding, the DEA is barred from considering whether the evidence was sufficient to support the administrative forfeiture of this asset. Accordingly, I presumed a valid forfeiture. See 28 C.F.R. § 9.5 (a)(4).

As detailed in the petition denial letter, the referenced currency was seized on May 03, 2021. As a result of an extensive narcotics investigation, law enforcement officials determined Harry Tam (Tam) to be a member of a drug trafficking organization. In the course of the investigation, DEA learned that a restraining order had been issued against Tam. Tam was ordered away from his residence, located at 23 Mansfield Street, Allston, MA. On May 03, 2021, Tam was observed at his residence in violation of the restraining order. Tam was arrested by local police for violating the restraining order. Law enforcement subsequently executed a federal search and seizure warrant at the premises. The agents located the referenced currency, eight handguns, and a complete gun kit in the residence. The referenced currency was located in a safe, in the back of the closet in Tam's bedroom. Accordingly, there was sufficient probable cause to believe the currency represented proceeds from the illicit sale of controlled substances in violation of 21 U.S.C. §881 (a) (6).

In the original petition, Petitioner alleged that the forfeited currency was legitimately earned and derived over several years. Specifically, Petitioner alleged that due to cultural practices, currency was saved in cash and stored in the residence. Petitioner attributed $50,000 of the referenced currency to Tam from his employment. Additionally, Petitioner stated that the referenced currency came from cash gifts from family members and income from a rental property.  Petitioner did not provide any documents to support any legitimate source(s) for the referenced currency. The only documents submitted were a statement from NBT Bank and a handwritten note. The NBT Bank statement merely indicated that a third party had a loan with the institution. As the Ruling Official noted, the NBT Bank statement is not addressed to any party related to this seizure. Additionally, the Petitioner did not include any corresponding documentation to evidence the withdrawal of the loan amount from any account belonging to Petitioner or the source of the currency to enable a loan to this individual. The Ruling Official noted that the handwritten note was undated with an illegible signature that indicated that a third party borrowed money "until my loan came."

As a result, Petitioner failed to establish an ownership interest in the referenced currency and/or legitimate source of income to generate the referenced currency. Thus, the petition for remission or mitigation failed to meet the requirements for relief from the forfeiture.

Despite Petitioner's failure to sign and date the request for reconsideration, in an exercise of discretion, the request was accepted. In the request for reconsideration, Petitioner did not provide additional documents to support a finding of an ownership interest in the referenced currency. However, Petitioner attempted to explain the relevance of the prior submitted documents. According to Petitioner, Tam loaned $50,000 to the individual who signed the handwritten note pending the disbursement of the individual's NBT Bank loan. Petitioner alleges that when the individual received their $40,000 NBT Bank loan, the individual returned $50,000 in cash to Tam. Similar to the original petition, Petitioner attributes ownership of the currency to several parties. In the request for reconsideration, Petitioner alleges that Tam's mother withdrew cash from her 401k account and gifted it to them. According to Petitioner, Tam's mother wrote and signed a letter confirming this gift. However, the said letter was not provided with the request for reconsideration. Petitioner did not provide any corresponding documents to verify this withdrawal.

Given the facts of this case and documentation provided, the request for reconsideration did not establish a legitimate origin for the forfeited currency or innocent ownership and the request for reconsideration is denied. Although the request for reconsideration did not provide information or evidence warranting a reversal of DEA's previous denial of the petition, as a matter of discretion, I also re-examined the petition and request for reconsideration to decide whether extenuating circumstances exist warranting mitigation of forfeiture. See 28 C.F.R. § 9.5(b).  The petition and request for reconsideration, considered in the most favorable light, do not justify mitigation.

Pursuant to 28 C.F.R. § 9.3(j)(3), a Petitioner is only entitled to file one request for reconsideration. Petitioner has exercised this right. The denial of his petition by this office is final.

Sincerely,

Vicki L. Rashid
Forfeiture Counsel
Office of Chief Counsel
Asset Forfeiture Section