UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| v. | ) | Civil No. 21-10350-LTS-1 |
| HARRY TAM, | ) | |
| Defendant. | ) | |

ORDER ON PENDING MOTIONS (DOC. NOS. 803, 804, 805)

March 31, 2025

SOROKIN, J.

Harry Tam has filed three motions: a Motion to Vacate the Court's Order of Forfeiture, Doc. No. 804; a Motion for Leave to Proceed in Forma Pauperis, Doc. No. 805; and a Motion for Extension of Time to File 2255 Motion, Doc. No. 803.[1] The Court resolves each motion below.

I. MOTION TO VACATE THE COURT'S ORDER OF FORFEITURE

Tam's first motion asserts four requests.[2] First, Tam asks the Court to vacate its Preliminary Order of Forfeiture, Doc. No. 644, and "reopen criminal forfeiture proceedings for reconsideration" as to $95,450 in U.S. currency (the "Currency"). Doc. No. 804 at 1. Second, Tam "seeks that the criminal forfeiture proceedings in regards to the Lexus and this Defendant's claim to such be reopened and considered." Id. at 7. Third, Tam asks that, should the Court deny either of his first two requests, the motion be treated as a "Notice of Appeal." Id. at 1,

---

[1] Citations to "Doc. No. __" refer to documents appearing on the court's electronic docketing system ("ECF"); pincites are to the page numbers in the ECF header.
[2] Though the docket lists the Motion for Extension of Time to File 2255 Motion as the first filed of the three motions, the Court considers that motion last.

7. Fourth, Tam asks for the appointment of counsel "to assist this Defendant for the appellate process." Id. at 1.

First, as to the Currency, Tam's Motion to Vacate is DENIED. The Court never entered a criminal forfeiture order with respect to the Currency, so there is no order to vacate. Tam's arguments are based on a misreading of the Court's Preliminary Order of Forfeiture. That Order applied to only the "Property," which the Order defined as "[o]ne white 2020 Lexus RX450H, bearing VIN number JTJHGKFA5L2011348, seized on or about March 23, 2022." Doc. No. 644 at 2–3. The Order did mention "$95,450 in United States currency, seized from Defendant Harry Tam on May 3, 2021," id. at 2, but that mention was followed by a footnote stating, "[t]his asset was administratively forfeited by Drug Enforcement Administration (DEA) on December 5, 2022," id. at 2 n.2 (citing Doc. No. 610). As the Court has explained before, the Currency was not criminally forfeited in this case, it was administratively forfeited, and this Court has no jurisdiction to review administrative forfeiture where notice of said forfeiture was properly provided. See, e.g., Doc. No. 789. Tam has nowhere alleged that he did not receive timely notice of the administrative forfeiture, nor could he based on the record before the Court.

Second, as to the Lexus that was criminally forfeited, Tam's request to reopen the forfeiture is DENIED AS MOOT to the extent Tam seeks to assert the interest of his spouse Jade Chin in the Lexus. Jade Chin's third-party claim to the Lexus is still pending. The government filed a motion for summary judgment as to that third-party claim on March 10, 2025. Doc. No. 799. Normally, Chin's response to that motion would be due within twenty-one days, i.e., by March 31, 2025. L.R., D. Mass. 7.1(b)(2). However, in case Chin wishes to address any of the issues raised by Tam with respect to the Lexus, the Court extends her deadline to respond. Chin shall file her response to the government's motion for summary judgment no later than April 14,

2025.³  The government shall file a reply brief no later than April 21, 2025.  Tam's request to reopen the forfeiture remains under consideration, however, to the extent Tam seeks to assert his own interest in the Lexus.  The government shall address Tam's arguments in its reply brief, and the Court shall thereafter resolve the remainder of Tam's request with respect to the Lexus.

Third, as to treating this motion as a "Notice of Appeal," this request is DENIED WITHOUT PREJUDICE.  To the extent Tam seeks to appeal any order of this Court, he is directed to file a notice of appeal that conforms with Federal Rule of Appellate Procedure 3, which requires such notice to: be filed with the district clerk; "specify the party or parties taking the appeal by naming each one in the caption or body of the notice"; "designate the judgment— or the appealable order—from which the appeal is taken"; and "name the court to which the appeal is taken."  A form example can be found as Form 1B in the United States Court of Appeals for the First Circuit Rulebook.  See Fed. R. App. P. Form 1B, https://www.ca1.uscourts.gov/sites/ca1/files/rulebook.pdf [https://perma.cc/2RP9-CSLN].

Fourth, as to the appointment of appellate counsel, that is not an issue for this Court.  If Tam wishes to be appointed counsel on any appeal, the First Circuit Local Rules require Tam to seek such appointment at the Circuit.  1st Cir. R. 46.5 (appointment of counsel in criminal cases).  The Court does note, however, that the First Circuit Local Rules also require trial counsel to continue representing a defendant on appeal until "relieved of such duty by the court

---

³ For further information, the Court directs Chin to Local Rule 7.1(b), which establishes the procedure for filing an opposition, and to this Session's Standing Order Regarding Briefing of Summary Judgment Motions, which provides additional guidance.  See L.R., D. Mass. 7.1(b), https://www.mad.uscourts.gov/general/pdf/local-rules/Combined%20Local%20Rules.pdf [https://perma.cc/QJQ5-7PXS]; Standing Order Regarding Briefing of Summary Judgment Motions for Judge Leo T. Sorokin's Session, https://www.mad.uscourts.gov/boston/pdf/sorokin/LTS_Standing%20Order%20re%20Summary%20Judgment%20Rev.pdf, [https://perma.cc/HY9S-7K7R].

of appeals." 1st Cir. R. 46.6 (procedure for withdrawal in criminal cases). Because appointment of appellate counsel is an issue for the Circuit, Tam's request to this Court is DENIED.

II. <u>MOTION TO PROCEED IN FORMA PAUPERIS</u>

Along with the above Motion to Vacate, Tam has also filed a Motion to Proceed in Forma Pauperis, Doc. No. 805. The Court understands Tam as seeking to proceed in forma pauperis on his prospective appeal(s) on the forfeiture issue(s). The Court previously found Tam financially unable to obtain an adequate defense in this case and appointed him counsel. Doc. No. 259. Under Federal Rule of Appellate Procedure 24, those circumstances allow Tam to proceed in forma pauperis on appeal without further authorization. As such, the Motion to Proceed in Forma Pauperis is DENIED AS MOOT, and Tam may continue in forma pauperis on his appeal(s) of the forfeiture issue(s).

III. <u>MOTION FOR EXTENSION OF TIME TO FILE 2255 MOTION</u>

Finally, Tam has filed a Motion for Extension of Time to File 2255 Motion, Doc. No. 803. Tam asks the Court to grant him an additional 120 to 180 days in which to file a motion pursuant to 28 U.S.C. § 2255. Under § 2255, a federal prisoner must file their habeas petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[4] The Court entered judgment in this case on April 9, 2024, and, because Tam did not

---

[4] Section 2255(f) provides that the one-year period begins on the latest of:
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
The Court considers only the first option at present. It would be for Tam to show that one of the other options for the beginning of the limitations period applies to any § 2255 motion he files.

file a notice of appeal, that judgment became final when the window for Tam to appeal closed on April 23, 2024. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Therefore, without an extension, the deadline for Tam to file a § 2255 petition is April 23, 2025.

This Court likely does not have the power to extend that deadline. Every circuit court to have considered the question except one has found that a district court does not have jurisdiction to grant an extension of time under § 2255 prior to the filing of an actual § 2255 motion. See United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000); United States v. Moore, 56 F. App'x 686, 687 (6th Cir. 2003); United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007); United States v. McFarland, 125 F. App'x 573, 574 (5th Cir. 2005); Swichkow v. United States, 565 F. App'x 840, 844 (11th Cir. 2014); United States v. Glover, No. 05-3110, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006). But see United States v. Thomas, 713 F.3d 165, 168–75 (3d Cir. 2013) (finding district court had jurisdiction to rule on motion for extension of time to file § 2255 motion). The First Circuit has not yet addressed the issue, but Chief Judge Saylor of this District has held the same in several recent cases. See United States v. Solis-Vasquez, No. CR 15-10338-FDS-15, 2023 WL 5985250 (D. Mass. Sept. 14, 2023); United States v. Larios, No. CR 15-10338-FDS-14, 2023 WL 5985252 (D. Mass. Sept. 14, 2023); United States v. Sandoval, No. CR 15-10338-FDS-6, 2023 WL 5985253 (D. Mass. Sept. 14, 2023); United States v. Sandoval, No. CR 15-10338-FDS-6, 2023 WL 1071667 (D. Mass. Jan. 27, 2023); United States

v. Guzman, No. CR 15-10338-FDS-7, 2023 WL 1071668 (D. Mass. Jan. 27, 2023); United States v. Enamorado, No. CR 15-10338-FDS-20, 2023 WL 1071669 (D. Mass. Jan. 27, 2023).

Even if this Court could grant an extension, Tam has not met his burden to justify one. To justify an extension, Tam would have to show: (1) that "he has been pursuing his rights diligently"; and (2) "that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (applying standard to equitable tolling); accord Thomas, 713 F.3d at 174 (applying standard to motion for extension of time). Assuming Tam can satisfy that first prong, he would fail on the second. Tam's motion suggests that any subsequent § 2255 motion would be based on an argument that he received ineffective assistance of counsel from his first attorney, Christopher Malcolm. Doc. No. 803 at 1–2. But Tam already knows the key facts of Attorney Malcolm's representation and can file a § 2255 motion asserting a claim based on those facts before the April 23 deadline. Tam's time in transport does not qualify as extraordinary circumstances, either. See Thomas, 713 F.3d at 174–75 (affirming denial of extension of time where movant was transferred to state custody for more than 120 days without access to legal materials). For these reasons, the Court would not extend Tam's § 2255 deadline even if it could, and Tam's Motion for Extension of Time is DENIED.[5]

Tam also requests that an attorney be appointed to "assist in this investigation and possibility that a 2255 motion may be warranted." Doc. No. 803 at 2. That request is DENIED

---

[5] In the event Tam does file a timely § 2255 motion and then new facts come to light during Attorney Malcolm's disciplinary proceedings, Tam may seek to amend his motion pursuant to Federal Rule of Appellate Procedure 15(a). To satisfy § 2255's one-year limitation period, though, Tam would need to show that any new claims are asserted within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

WITHOUT PREJUDICE. Tam may renew his request if and when he files a motion under § 2255.

The Court addresses one more issue. In his Motion to Vacate the Court's Order of Forfeiture, Tam asserts that, due to counsel's failure to provide him with certain documents, he "has been forced to 'piece-meal' together a motion without proper resources, all the facts at hand, and scrambling to beat the 1 year deadline, that is quickly approaching." Doc. No. 804 at 6. The Court understands Tam to be referring to the one-year limitations period on filing a motion under 28 U.S.C. § 2255. That deadline may apply to any challenge to his confinement Tam seeks to assert under 28 U.S.C. § 2255, but it does not apply to any separate challenge to the administrative forfeiture of the Currency or the criminal forfeiture of the Lexus. Unless the forfeiture(s) have somehow impacted Tam's confinement, they are not appropriately raised in a federal habeas petition. A direct appeal of either forfeiture may be subject to a separate time bar under other statutory, common law, or procedural rules but would not be affected by § 2255's one-year limitation.

## IV.  CONCLUSION

To summarize, Tam's Motion to Vacate the Court's Order of Forfeiture, Doc. No. 804, is DENIED as to the Currency, DENIED AS MOOT as to Chin's interest in the Lexus, taken under consideration as to Tam's interest in the Lexus, DENIED WITHOUT PREJUDICE as to treating the Motion as a "Notice of Appeal," and DENIED as to appointment of appellate counsel. Chin shall respond to the government's motion for summary judgment on her third-party claim to the Lexus no later than April 14, 2025, and the government shall file its reply brief, also addressing Tam's arguments with respect to the Lexus, no later than April 21, 2025. Tam's Motion to Proceed in Forma Pauperis, Doc. No. 805, is DENIED AS MOOT, and Tam may proceed in forma pauperis on any appeal of the forfeiture issues he has identified. Tam's Motion for

Extension of Time to File 2255 Motion, Doc. No. 803, is DENIED to the extent Tam seeks to extend his deadline to file a motion pursuant to 28 U.S.C. § 2255 and DENIED WITHOUT PREJUDICE to the extent he seeks appointment of counsel to help litigate a potential § 2255 motion.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge